THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



April 25, 1963

Honorable Doug Crouch
District Attorney
Tarrant County
Fort Worth, Texas

Dear Mr. Crouch:

Opinion No. C- 67

Re: Various questions relative
to the operation of the
Tarrant County Jail Commis-
sary.

     This office is in receipt of your request for an
opinion concerning the following questions:

     "(1) Is the operation of a 'Commissary,'
within the confines of the Tarrant County Jail,
which sells toilet articles and authorizes items
for the exclusive personal use and benefit of
those legally confined therein, within the pur-
view of the law.

     "(2) Would the operation, supervision and
control of such a facility, to include purchasing
of merchandise, be vested in:

     a.  The Sheriff
     b.  The County Auditor
     c.  The Commissioners Court

     "(3) May the purchase of supplies necessary
to such facility be effected from revenue and
funds realized through the operation thereof.

     "(4) May any profit realized from the opera-
tion of such a facility be retained, used and
accounted for, by the Sheriff, for the purchase of
uniforms and miscellaneous equipment to be used by
the Sheriff's Office."

     Your statement of the facts is as follows:

     "It has been a practice of long standing in
Tarrant County, to provide a 'commissary' facility

for the exclusive use and benefit of persons le-
gally confined in the County Jail.

"Items authorized for sale to such persons
are purchased by the County Purchasing Agent.

"The facility is operated within the confines
of the jail proper by the Sheriff. All revenue
from the sale of the items concerned is transferred
to the County Auditor, who in turn deposits same in
the appropriate fund."

The following statute is pertinent to the questions
propounded this office:

"Art. 5116. Sheriff and jailer

"Each sheriff is the keeper of the jail of
his county. He shall safely keep therein all pris-
oners committed thereto by lawful authority, sub-
ject to the order of the proper court, and shall be
responsible for the safe keeping of such prisoners.
The sheriff may appoint a jailer to take charge of
the jail, and supply the wants of those therein
confined; but in all cases the sheriff shall exer-
cise a supervision and control over the jail."
(Emphasis added).

The power of the Commissioners Court is limited to that
conferred by the Constitution and statutes, either expressly or
by necessary implication. Von Rosenberg v. Lovett, 173 S.W. 508
(Tex.Civ.App. 1915, error ref.); Roper v. Hall, 280 S.W. 289 (Tex.
Civ.App. 1925); Hill v. Sterrett, 252 S.W.2d 766 (Tex. Civ.App.
1952, error ref. n.r.e.). After a thorough search, this office
can find no express or implied authority for the operation of a
"commissary" such as you describe.

Article 5116, supra, authorizes the sheriff to supply
the "wants" of those prisoners confined in the jail. This of-
fice has repeatedly held that the sheriff is authorized to pur-
chase all food and "necessary supplies" for the prisoners. Fur-
ther, that it is not the duty of the Commissioners' Court, County
Auditor or the County Purchasing Agent to purchase the food and
necessary supplies of the prisoners but this duty is specifically
imposed on the sheriff. Since all sheriffs have been compensated
on a salary basis since January 1, 1949, the sheriff cannot be
allowed specific fees or commissions by the county for feeding
the prisoners in jail, but he is entitled to all actual and

necessary expenses incurred by him for feeding the prisoners in his custody. Attorney General's Opinions Nos. V-359 (1947), V-1188 (1951), and V-1232 (1951).

Since this office can find neither express nor implied authority for the operation of a "commissary" as you described, which sells toilet articles, etc., for the use of prisoners in a county jail, we feel that the present operation of the commissary is not within the purview of existing law. We are of the opinion that toilet articles and other personal items could be sold at cost to the prisoners to provide their wants, as it would be within the purview of Article 5116, Vernon's Civil Statutes. We are of the further opinion that the operation, supervision and control of such a facility, to include purchasing of merchandise, is vested in the sheriff.

### S U M M A R Y

The operation of a profit making "commissary" within the confines of the Tarrant County jail which sells toilet articles and authorized items for the exclusive personal use and benefit of those legally confined therein, is not authorized either expressly or impliedly by existing law.

However, the sheriff may supply at cost the necessary supplies for prisoners and the sheriff would have control over the purchase of such items for the prisoners within his jail.

Sincerely,

WAGGONER CARR
Attorney General

By: Bill Morse Jr.
Bill Morse, Jr.
Assistant

BM:wb:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Polk Shelton
Frank Booth
Norman Suarez
APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone.